**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

ENRIQUE ORNELAS,

Plaintiff,

v.

WELLS FARGO BANK, N.A., and others,

Defendants.

Case No. 13-cv-02127 NC

**REFERRAL FOR REASSIGNMENT WITH RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE**

Re: Dkt. No. 8

Plaintiff Enrique Ornelas brought this action for wrongful foreclosure against defendant Wells Fargo but has failed to participate in the litigation since it was removed to federal court on May 8, 2013. Dkt. Nos. 1, 1-3. Ornelas has failed to file an opposition to defendant Wells Fargo's motion to dismiss and to respond to this Court's order to show cause why the case should not be dismissed for failure to prosecute. Dkt. No. 8. Because neither party has consented to the jurisdiction of a United States magistrate judge, the Court REFERS the case for reassignment to a district judge and RECOMMENDS that the district judge DISMISS the case for failure to prosecute.

## I. BACKGROUND

On March 26, 2013, Ornelas, proceeding pro se, sued Wells Fargo in Contra Costa County Superior Court alleging the following claims: (1) violation of California Penal Code § 115, (2) violation of California Civil Code § 2923.5, (3) filing false documents in public

office, (4) quiet title, (5) breach of contract, (6) violation of the Homeowner's Bill of Rights, (7) injunctive relief, and (8) illegal foreclosure. Dkt. No. 1-3 at 2:11-16. Wells Fargo timely removed the case to federal court based on diversity of citizenship. Dkt. No. 1-2 at 1:25-27.

On May 16, 2013, Wells Fargo moved to dismiss Ornelas' claims under Federal Rule of Civil Procedure 12(b)(6) and moved in the alternative for a more definite statement under Rule 12(e). Dkt. No. 4 at 2:1-2, 3:9-12. Wells Fargo argues that Ornelas has failed to plead any claim with the requisite particularity. *Id.* at 5:26-27. Wells Fargo maintains that Ornelas' statutory causes of action fail because no private right of action exists under California Penal Code § 115 and because it complied with the requirements of California Civil Code § 2923.5. *Id.* at 2:8-14. Similarly, Wells Fargo states that there is no recognized cause of action for filing false documents in a public office. *Id.* at 2:15-18. Wells Fargo also argues that Ornelas fails to plead facts that would show that the foreclosure was invalid, or in breach of his modification agreement, or that he is entitled to quiet title. *Id.* at 2:19-25, 3:5-7. Wells Fargo alleges that the sixth cause of action for violation of the Homeowner's Bill of Rights fails because the bill is not retroactive and became effective after Ornelas' loan was executed. *Id.* at 2:26-28. The Court set a hearing on the motion for June 26, 2013. Dkt. No. 4.

The Court instructed the parties to consent to or decline the jurisdiction of a magistrate judge by May 23, 2013. Dkt. No. 7 at 1:20-23. Neither party has responded as of the date of this order.

Ornleas failed to file an opposition or a statement of non-opposition to Wells Fargo's motion in accordance with Civil Local Rule 7-3. On June 14, 2013, the Court ordered Ornelas to show cause why the case should not be dismissed for failure to prosecute by June 28, 2013. Dkt. No. 8. The Court warned Ornelas that his failure to respond to the motion would be grounds for dismissal. *Id.* In addition, neither party appeared at the June 26, 2013 hearing on the motion. Nor has Ornelas responded to the Court's order to show cause. Dkt. Nos. 8, 9.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss a case for failure to comply with any order of the court. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

## III. DISCUSSION

The five factors from *Pagtalunan* weigh in favor of dismissing Ornelas' claims. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Ornelas has failed to make any appearance in the litigation since Wells Fargo removed the action to federal court. He has delayed adjudication of his own claims by failing to respond to the motion to dismiss, to appear at the hearing on the motion, and to respond to this Court's show cause order. Dkt. Nos. 8, 9.

Second, "[Ornelas'] failure to follow the Court's Order and to prosecute his case has caused this action to languish, impermissibly allowing [Ornelas] to control the pace of the docket rather than the Court." *Deal v. Countrywide Home Loans, Inc.*, No. 09-cv-01643 SBA, 2012 WL 506559, at *4 (N.D. Cal. Feb. 15, 2012). Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261. "Furthermore, in [the Northern District], mortgage foreclosure cases are numerous, and the nature of the cases makes adherence to deadlines particularly important." *Pinheiro v. Washington Mut. Bank, F.A.*, No. 12-cv-05165 NC, 2013 WL 685190, at *2 (N.D. Cal. Feb. 5, 2013). Thus, the first two factors weigh in favor of dismissal.

Third, the Court must consider potential prejudice to Wells Fargo. Unreasonable delays in litigation are sufficiently prejudicial to warrant dismissal. *Pagtalunan*, 291 F.3d at 642-43. Here, the Court gave Ornelas the opportunity to show cause for his failure to oppose Wells Fargo's motion along with a second chance to file an opposition. Additionally, Ornelas should have appeared at the hearing to defend his claims. He chose to do none of these. In the interim, Wells Fargo has had to defend itself. *See Palmer v. Countrywide, Bank of America, N.A.*, No. 12-cv-01332 NC, 2012 WL 2309167, at *2 (N.D. Cal. June 18, 2012) (finding plaintiff's failure to file an opposition and appear at a hearing on the motion prejudicial to defendants by "rais[ing] the real possibility that [defendants] will be forced to engage in further litigation against claims that plaintiffs are not actively pursuing"). The third factor therefore weighs in favor of dismissal.

The Court already made a less drastic alternative available to Ornelas when it afforded him additional time to oppose the motion in its order to show cause. Dkt. No. 8; *see Ferdik*, 963 F.2d at 1262 (holding that the district court properly considered less drastic measures when it afforded plaintiff an additional thirty days to amend his complaint and that the court's "warning to a party that his failure to obey the court's order . . . can satisfy the consideration of alternatives requirement") (internal quotation marks and citations omitted). Still, another less drastic option is to dismiss the case without prejudice. *Ferdik*, 963 F.2d at 1262. Dismissal will minimize prejudice to defendants, but granting leave to amend will preserve Ornelas' ability to seek relief. Thus, "[i]n an abundance—perhaps overabundance—of caution," the Court finds the fourth factor weighs in favor of dismissal, but dismissal without prejudice. *See Faulkner v. ADT Security Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to the district court in order to consider whether dismissal should have been without prejudice).

The fifth factor, favoring disposition on the merits, necessarily weighs against dismissal.

//

## IV. CONCLUSION

Four of the five factors weigh in favor of dismissal. Ornelas failed to file an opposition to the motion to dismiss, appear at a hearing on the motion, respond to an order to show cause, and consent to or decline the jurisdiction of a magistrate judge. In short, he has failed to prosecute his case. Because Ornelas has not responded to the Court's order to consent or decline, however, the Court lacks jurisdiction to issue a dispositive order. Therefore, the Court REFERS this case for reassignment and RECOMMENDS to the district court that Ornelas' case be DISMISSED WITHOUT PREJUDICE for failure to prosecute.

Any party may object to this order within fourteen days. Fed. R. Civ. P. 72(b).

IT IS SO ORDERED.

Date: July 10, 2013

Nathanael M. Cousins
United States Magistrate Judge